*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RACHEL MARIE ENLOW,

      Defendant-Appellant.

UNPUBLISHED
July 29, 2025
11:39 AM

No. 370652
Grand Traverse Circuit Court
LC No. 2023-014355-FH

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant appeals, by leave granted,[1] her plea-based conviction and sentence for false report of a felony, MCL 750.411a(b). We remand for the trial court for the limited purpose of correcting typographical errors in defendant's sentencing information report (SIR).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. While defendant was serving a prison sentence, she was transported to a hospital and admitted to its psychiatric unit after attempting suicide. While at the hospital, she falsely reported that the deputy supervising her sexually assaulted her. After she recanted her allegation, she was charged as noted and eventually pleaded no contest.[2] The trial court denied defendant's subsequent motion to withdraw her plea challenging the trial court's imposition of mandatory consecutive sentencing and failure to give defendant credit for time served. Defendant now appeals.

---

[1] *People v Enlow*, unpublished order of the Court of Appeals, entered June 10, 2024 (Docket No. 370652).

[2] Defendant was also charged with absconding from bond, MCL 750.199a, and was noticed as a habitual fourth offender, MCL 769.12. The absconding charge and habitual enhancement were dismissed in exchange for defendant's plea to the false reporting charge.

## II. WITHDRAWN ARGUMENTS

On appeal, defendant argued (1) the trial court erred by determining that mandatory consecutive sentencing was applicable; (2) her counsel was ineffective for failing to object to consecutive sentencing and failing to advise her that she would not receive credit for time serve; and (3) the trial court erred when it refused to allow her to withdraw her plea. Because defendant completed her prison sentence, defendant withdrew these arguments at oral argument. Thus, we will not consider them.

## III. PRV 6 AND SIR CORRECTION

Defendant's remaining argument on appeal is incorrectly framed as a correction to the SIR, when, in fact, she is actually challenging (1) the trial court's assessment of prior record variable (PRV) 6 and (2) an inaccurate SIR. We disagree with defendant's first argument, but agree there is a question as to whether the SIR is correct.

### A. STANDARDS OF REVIEW

A trial court's factual determinations for assessing sentencing variables are reviewed for clear error, while the application of those facts to the law in determining how many points to assess the variable is a question of law we review de novo. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted).

### B. ANALYSIS

PRV 6 concerns the defendant's "relationship to the criminal justice system." MCL 777.56(1). 15 points are assessed when "[t]he offender is incarcerated in jail awaiting adjudication or sentencing on a conviction or probation violation[,]" and 10 points when "[t]he offender is on parole, probation, or delayed sentence status or on bond awaiting adjudication or sentencing for a felony." MCL 777.56(1)(b) and (c). Defendant argues no points should have been assessed for this variable because she was on bond at the time she committed the underlying offense. But, as explained, defendant was still serving her prison sentence even though she was at the hospital when she committed the offense at issue. Thus, the trial court properly assessed PRV 6 at 15 points.

Defendant next challenges the accuracy of the SIR in connection with offense variable (OV) 9, because, while the MDOC's preliminary scoring for this variable was 10 points, the parties and trial court ultimately agreed to assess it at 0 points. Yet the SIR still indicates 10 points. There is no dispute that the trial court agreed to assess 0 points for OV 9 because there were no people placed in danger of injury or loss of life by the underlying offense. MCL 777.39. There is also no dispute that the trial court concluded that the correct sentencing range was 12 to 24 months. But the SIR provided to this Court erroneously indicates 10 points for OV 9 with the correct guideline minimum range of 12 to 24 months. Confusingly, while not noted by defendant, the SIR copies

also differ as to whether OV 19 was assessed at 0 or 25 points.  We remand the SIR issue back to the trial court for the limited purpose of correcting the typographical errors in the SIR.  We affirm the trial court's sentence in all other respects.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett